UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LESLIE K. MONTGOMERY, | ) |
| Petitioner, | ) CASE NO. C05-1724-JCC-MJB |
| v. | ) |
| BELINDA STEWART, | ) REPORT AND RECOMMENDATION |
| Respondent. | ) |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a state prisoner who is currently incarcerated at the Washington Correction Center for Women in Gig Harbor, Washington. She seeks relief under 28 U.S.C. § 2254 from her 2000 King County Superior Court conviction. Respondent has filed an answer to the petition together with relevant portions of the state court record. Respondent argues in her answer that the petition is untimely. The Court, having reviewed the record, concludes that this action should be dismissed as untimely under 28 U.S.C. § 2244(d).

## PROCEDURAL HISTORY

On July 18, 2000, petitioner was convicted, following a jury trial, of one count of murder in

REPORT AND RECOMMENDATION
PAGE - 1

1  the first degree. (Dkt. No. 13, Ex. 1 at 1.) On June 8, 2001, petitioner was sentenced to a term of

2  300 months confinement. (*Id*., Ex. 1 at 3.)

3       Petitioner appealed her judgment and sentence to the Court of Appeals of Washington,

4  Division One. (*See id*., Ex. 4.) On August 19, 2002, the Court of Appeals issued an unpublished

5  opinion affirming petitioner's conviction. (*Id*., Ex. 3.) Petitioner thereafter filed a petition for

6  review in the Supreme Court of Washington. (*Id*., Ex. 6.) On April 1, 2003, the Supreme Court

7  denied petitioner's petition for review without comment. (*Id*., Ex. 7.)

8       On April 21, 2004, petitioner signed a personal restraint petition which was filed in the Court

9  of Appeals of Washington on April 23, 2004. (*Id*., Ex. 8.) The Court of Appeals issued an order

10 dismissing petitioner's personal restraint petition on December 30, 2004. (*Id*., Ex. 10.) Petitioner

11 did not seek review in the Supreme Court of Washington, and the Court of Appeals issued its

12 certificate of finality in petitioner's personal restraint proceedings on March 14, 2005. (*Id*., Ex.11.)

13      On October 7, 2005, petitioner signed the instant federal habeas petition and, on October 12,

14 2005, the Court received the petition for filing.

15 DISCUSSION

16      On April 24, 1996, the President signed into law the Antiterrorism and Effective Death

17 Penalty Act of 1996 (AEDPA) which worked substantial changes in the law of federal post-

18 conviction relief. One of those changes was to adopt a one year statute of limitations for § 2254

19 actions. *See* 28 U.S.C. § 2244(d)(1) (1996). The one year limitations period starts to run from the

20 date of the conclusion of direct review or "the expiration of the time for seeking such [direct]

21 review," whichever is longer. *Id.*

22      In this case, the period for direct review ended, at the latest, upon the expiration of the period

23 for filing a petition for writ of certiorari with the United States Supreme Court. *See Bowen v. Roe*

24 188 F.3d 1157, 1158-59 (9th Cir. 1999). The Supreme Court of Washington denied petitioner's

25

26 REPORT AND RECOMMENDATION
PAGE - 2

petition for review on April 1, 2003. Petitioner had 90 days after the entry of that ruling (as opposed to the issuance of the state mandate), or until approximately July 1, 2003, to file a petition for a writ of certiorari in the United States Supreme Court. *See* Rules 13.1 and 13.3 of the Rules of the Supreme Court of the United States. Because petitioner did not file a petition for certiorari, her conviction became final on or about July 1, 2003. 28 U.S.C. § 2244(d)(1)(A). Petitioner's one year statute of limitations began to run on the following day. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one year limitations period is tolled for any properly filed collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations was tolled from April 21, 2004, the date petitioner signed her personal restraint petition, to December 30, 2004, the date the Court of Appeals dismissed the petition. Between July 2, 2003, the date the statute of limitations began to run, and April 21, 2004, 294 days ran on the statute of limitations. The statute of limitations began to run again on December 31, 2004, the day after petitioner's personal restraint petition was dismissed, and expired 71 days later, on or about March 11, 2005.

The statute of limitations is subject to equitable tolling. *Calderon v. United States District Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir. 1997)*, overruled in part on other grounds by, Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(en banc). However, the Ninth Circuit has made clear that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon*, 128 F.3d at 1288 (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1997)). Petitioner does not argue that she is entitled to equitable tolling of the statute of limitations.

Because the statute of limitations expired on or about March 11, 2005, and because petitioner did not sign her federal habeas petition until almost seven months later, on October 7, 2005,

REPORT AND RECOMMENDATION
PAGE - 3

1  petitioner's federal habeas petition is untimely and the petition and this action should therefore be
2  dismissed, with prejudice, under 28 U.S.C. § 2244(d). A proposed order accompanies this Report
3  and Recommendation.

4  DATED this 12th day of May, 2006.

_____
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4