UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LESLIE K. MONTGOMERY,

        Petitioner,

   v.

BELINDA STEWART,

        Respondent.

CASE NO. C05-1724-JCC

ORDER

This matter comes before the Court on Petitioner Leslie K. Montgomery's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. No. 1), the Report and Recommendation of United States Magistrate Judge Monica J. Benton ("R&R") (Dkt. No. 16), and Petitioner's Objections to the R&R (Dkt. No. 17). Having reviewed the materials submitted by the parties and the complete record, and finding that oral argument is not necessary, the Court hereby finds and rules as follows.

I.     BACKGROUND

Petitioner is incarcerated at the Washington Correction Center for Women in Gig Harbor, Washington. In 2000, a jury convicted Petitioner of first degree murder as an accomplice with a firearm enhancement. (Record ("R.") (Dkt. No. 13) Ex. 1 at 1.) Petitioner was sentenced to 300 months confinement. (*Id.* at 3.)

ORDER – 1

On direct appeal, the Washington State Court of Appeals affirmed Petitioner's conviction. (®. Ex. 3.) On April 1, 2003, the Washington State Supreme Court denied review. (®. Ex. 7.) On April 21, 2004, Petitioner signed and later filed a Personal Restraint Petition ("PRP") in the Washington Court of Appeals. (®. Ex. 8.) The court of appeals dismissed the petition on December 30, 2004. (®. Ex. 10.) Petitioner did not seek review in the Washington Supreme Court, and the court of appeals issued its certificate of finality on March 14, 2005. (®. Ex. 11.) On October 7, 2005, Petitioner signed and filed this federal habeas petition. (Dkt. No. 1.)

## II.  ANALYSIS

This Court reviews the record *de novo* when considering objections to a magistrate judge's R&R. *See* 28 U.S.C. § 636(b)(1).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on § 2254 habeas petitions. *See* 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run when direct review in state court concludes, or when the time for seeking such direct review ends, whichever is later. *Id.* After entry of the state supreme court's ruling, a petitioner has ninety days to file a petition for a writ of certiorari in the United States Supreme Court. *See* U.S. SUP. CT. R. 13.1, 13.3. The statute of limitations is tolled during a properly filed collateral state challenge to the state conviction, such as a PRP. 28 U.S.C. § 2244(d)(2). The statute of limitations is also tolled any day that an act or event in the proceedings occurs. FED. R. CIV. P. 6(a).

Here, the statute of limitations began to run, at the latest, on July 1, 2003. This date is ninety days after the Washington Supreme Court denied review on April 1, 2003, and when Petitioner's opportunity for direct appeal to the U.S. Supreme Court expired. From July 1, 2003 to April 20, 2004, 295 days ran on the statute of limitations. On April 21, 2004, Petitioner signed and later filed her PRP in the Washington Court of Appeals. The court of appeals dismissed the PRP on December 30, 2004 and the statute of limitations clock restarted on December 31, 2004. The statute of limitations expired 70

ORDER – 2

days later on March 10, 2005.  Petitioner did not sign and file her federal habeas petition until October 7, 2005, several months after the statute of limitations expired.

Petitioner claims that she was advised that she still had several months to file her federal habeas petition before the statue of limitations expired.  (Dkt. No. 17.)  However, even if this Court for reasons of equity considers Petitioner's habeas petition timely, *see Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (statute of limitations equitably tolled for "extraordinary circumstances"), her claims would fail on the merits.

Under the AEDPA, the Court must deny a habeas petition unless a state court reached a decision that is (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) based on an unreasonable determination of the facts in light of the evidence at trial.  28 U.S.C. § 2254(d).

Petitioner first contends that she was denied her Sixth Amendment right to effective counsel when her defense counsel failed to call Michael Williams, the principal defendant, to testify on her behalf.  To establish ineffective assistance of counsel, Petitioner must demonstrate (1) that the attorney's representation fell below an objective standard of reasonableness, and (2) the deficiency resulted in prejudice.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This Court agrees with the Washington Court of Appeals that, after interviewing Mr. Williams, Petitioner's counsel made a reasonable and strategic trial decision not to call him as a witness.  (R. Ex. 10.)  Indeed, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.  *Edwards v. Lamarque*, 439 F.3d 504, 511 (9th Cir. 2005).  As the Washington Court of Appeals reasoned, given Petitioner's extensive statements to police regarding her role as an accomplice, counsel could reasonably conclude that Williams's additional testimony would not assist the defense.  (R. Ex. 10.)  Petitioner does not cite, nor can this Court find, any federal law that requires counsel to call certain witnesses, or any federal law that the state courts violated in reaching their conclusions.

ORDER – 3

Petitioner next claims that the state trial court erred by presenting faulty jury instructions regarding accomplice liability. However, the Washington Court of Appeals showed that this claim is substantively incorrect. The jury instructions correctly tracked the relevant statutory language. (R. Ex. 10; *see also* WASH. REV. CODE § 9A.08.020.)

Petitioner's final claim is that the trial court erred when it presented faulty jury instructions regarding the firearm enhancement. This Court agrees with the Washington Court of Appeals that any error that may have existed was harmless beyond a reasonable doubt because "the evidence was uncontroverted that Williams was personally armed with a gun and used it to shoot [the victim]." (R. Ex. 10.) Under relevant Washington law, all accomplices are deemed to be armed even if only one firearm is involved. (R. Ex. 10; *see also* WASH. PATTERN JURY INSTRUC. CRIM. 2.10.01.) Petitioner does not cite, nor can this Court find, any federal law that the state courts violated in reaching their conclusions.

### III. CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation and DENIES the habeas petition. The Clerk is DIRECTED to send copies of this Order to Petitioner, Respondent, and Magistrate Judge Benton.

SO ORDERED this 17th day of August, 2006.

John C. Coughenour
United States District Judge

ORDER – 4